IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LAURIE RUFFNER,<br><br>Plaintiff,<br><br>vs.<br><br>KEN BLANCHARD COMPANIES, INC.,<br><br>Defendant. | CV 16–109–M–DWM<br><br><br>ORDER |

On October 3, 2017, Plaintiff Laurie Ruffner sought leave to file her response to the defendant's motion for summary judgment under seal. (Doc. 31.) Pursuant to the Local Rules of this Court, "[a]ll documents and items in the record of a case are available to the public unless access is limited or prohibited by federal law, federal or local rule, or by an order, issued on a motion . . . stating the reasons for sealing." L.R. 1.3(a)(2). Additionally, the Local Rules require that "any person who files a document or item under seal, with or without prior leave, certifies that sealing is appropriate to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances and with due regard to the public's right of access." L.R. 5.1(a).

1

They further require that a motion for leave must state either "why it is not feasible to file a redacted version of the document or item in the public record" or the filing need "be accompanied by a redacted version of the document or item filed in the public record." L.R. 5.1(d)(3).

"Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Here, the sole ground provided for the request is that it was made pursuant to the parties' Stipulated Protective Agreement. That is insufficient to warrant a denial of public access. "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Id.* at 1778. "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reason' standard." *Id.* This strong presumption of access "applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Id.* at 1179. "Thus, 'compelling reasons' must be shown to seal judicial records attached to a dispositive motion[,]" regardless if the motion or its attachments are subject to a protective order. *Id.*

Accordingly, IT IS ORDERED that Plaintiff's motion (Doc. 31) is

DENIED. The documents filed at Doc. 37 and Doc. 38 (and its attachments) will be unsealed as of November 27, 2017, unless Plaintiff can present compelling reasons as to why each and every document must be sealed and cannot be redacted. Absent such a showing, those documents will remain filed in the case but will be open to public access.[1]

DATED this 16th day of November, 2017.

Donald W. Molloy, District Judge
United States District Court

---

[1] Modifying Local Rule 5.1(g)(4), which provides that "[i]f leave to file under seal is denied, the document or item will remain in the record under seal but will be deemed not filed." Plaintiff need not re-file the documents.